CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 03 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RETHA M. PLAGEMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:04-CV-00034<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate filed his report on November 15, 2004, recommending that this Court enter an Order remanding this case to the Commissioner for further proceedings. Upon remand, the Magistrate's Report recommended the Commissioner clarify any ambiguity in the record concerning the degree to which Plaintiff's impairments impact her work-related activity, particularly, any ambiguities in the record relating to Dr. Kahn's cryptic evaluation of the disability of Plaintiff, R. at 248, Dr. Kodura's Medical Impairment Questionaire, R. at 241–47, Plaintiff's post-ictal condition, and the effects of seizure medications and lack thereof upon Plaintiff. The Magistrate's Report also recommended that the order of remand should direct that, in the event the Commissioner cannot grant benefits on the current record, she is to recommit the

case to an Administrative Law Judge ("ALJ") to conduct supplemental proceedings in which both sides may introduce additional evidence.

Plaintiff filed objections to the Report and Recommendation on November 19, 2004. Said objections having been timely and appropriately lodged, this Court must undertake a *de novo* review of the case. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the Report and Recommendation, Plaintiff's objections, the supporting memoranda, the applicable law, and the documented record, this Court overrules all objections and ADOPTS the Report and Recommendation.

In objecting to the Report and Recommendation, Plaintiff asserts that reversal, rather than remand, is the appropriate remedy given the conclusions of the Report and Recommendation and the evidence in the documented record. Plaintiff argues that the treating source evidence in the record is entirely consistent with her claim of disability. Plaintiff further contends that the only evidence contradicting the treating source evidence is the DDS Residual Physical Functional Capacity Assessment conducted by a non-examining physician, R. at 190–96, which the Report and Recommendation deemed was "not entitled to the weight that the Law Judge believed it deserved." Report and Recommendation at 6. Further, Plaintiff argues that the treating sources in this case are entitled to controlling weight pursuant to Social Security Ruling 96-2p. Therefore, Plaintiff contends that because there is no evidence apart from the DDS Residual Functional Capacity Assessment contradicting the treating source evidence and because the treating sources are entitled to controlling weight, the Court should reverse the decision of the ALJ because it is not supported by substantial evidence.

However, in this case the ALJ found that the treating source evidence was not entirely

2

consistent with Plaintiff's claims of disability as Plaintiff suggests. Social Security Ruling 96-2p states that "controlling weight may not be given to the opinion unless it also is '*not inconsistent*' with the other substantial evidence in the case record." SSR 96-2p (1996), 1996 SSR LEXIS 9 (emphasis added). Further, "it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of facts and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The ALJ found that the medical evidence supporting Plaintiff's claims for disability was inconsistent with other substantial evidence in the record. In addition to the DDS Residual Physical Functional Capacity Assessment, the ALJ found that much of the treating source evidence suggested that Plaintiff was not disabled. *See e.g.*, R. at 21 (reviewing evidence that Plaintiff has not had a seizure in a substantial amount of time and was psychologically stable without medication); R. at 22 ("Evidence of isolated seizure activity . . . does not provide an adequate basis for a finding of disability."); R. at 24 (finding the statements of Dr. Kahn suggested that Plaintiff chose not to work). Therefore, due to the conflicts within the medical evidence, the ALJ was not compelled to find Plaintiff disabled pursuant to Social Security Ruling 96-2p. Thus, the ALJ's decision should not be reversed because it was supported by substantial evidence. Furthermore, Plaintiff's assertions that no purpose would be served by remanding the case is contradicted by the unresolved conflicts enumerated in the Report and Recommendation.

Plaintiff also asserts that the ALJ failed to adequately address the credibility of third-party witnesses as required under 20 C.F.R. § 404.1513(e)(2). Therefore, Plaintiff requests that upon remand, this Court require a thorough assessment of the credibility of all witnesses, most notably

3

the lay witnesses. The record indicates that the ALJ did evaluate the credibility of these witnesses. R. at 19–21. The ALJ spent roughly two pages of his opinion summarizing the lay witness testimony before giving the evidence its appropriate weight and concluding that it "can not substitute for the required medical signs and findings." R. at 21. The ALJ did not reject the claims of the lay witnesses as Plaintiff suggests but simply chose to give the medical evidence more weight as permitted under 20 C.F.R. § 404.1527(b). A reassessment of all the witnesses would only duplicate the prior analysis of the ALJ and would not be beneficial upon remand.

Accordingly, Plaintiff's objections are overruled and the Court ADOPTS the Report and Recommendation in its entirety.

An appropriate Order shall ensue.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

ENTER: *[signature]*

U.S. District Court Judge

DATE: June 3, 2005